Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Louise** | **Frazier** | **Lopez** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  **DISTRICT OF UTAH**

Case number:

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan                                                                                      12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

**$63.00** per **Month** for **36** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐   Debtor(s) will make payments pursuant to a payroll deduction order.
☑   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐   Debtor(s) will retain any income tax refunds received during the plan term.

Debtor        **Louise Frazier Lopez**                              Case number

- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- [✓] Debtor(s) will treat income refunds as follows:
  See paragraph 8.3(9)

**2.4 Additional payments.**
   *Check one.*
   - [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**2,268.00**.

Part 3:    **Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any.**

   *Check one.*
   - [✓] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

   - [✓] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   - [✓] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance.**

*Check one.*
   - [✓] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

   *Check one.*
   - [✓] **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

Part 4:    **Treatment of Fees and Priority Claims**

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**226.80**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**1,615.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

   *Check one.*
   - [ ] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
   - [✓] The debtor(s) estimate the total amount of other priority claims to be **$0.00**

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*

Debtor  **Louise Frazier Lopez**                                         Case number

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $50.00.
☐ _____% of the total amount of these claims, an estimated payment of $_____.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **67.50**.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

| Part 8: | **Nonstandard Plan Provisions** |

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
☑ The following plan provisions will be effective only if there is a check in the box "Included" in Part 1.3.

(1) Adequate Protection Payments. If the debtor seeks to pay Adequate Protection Payments to holders of secured claims, the requirements of Local Rule 2083-1(d) apply. Creditors set forth herein as receiving adequate protection payments are referred to the Notice of Adequate Protection Payments for details concerning the amount and duration of the Adequate Protection Payments.

Adequate Protection Creditors: Section 3.3: NONE.

(2) Applicable Commitment Period. The applicable commitment period for the Plan is 36 months. The number of months listed in Part 2.1 for which the debtor will make regular payments is an estimate only; the applicable commitment period stated here dictates the term of the Plan. Any below median case may be extended as necessary not to exceed 60 months to complete the Plan payments.

Debtor    **Louise Frazier Lopez**    Case number _____

(3) Direct Payment of Claims. If the debtor elects to pay a claim directly and that claim is not one which the Plan allows to be paid directly, the direct payment designation will be listed below as a nonstandard provision. For all claims the debtor elects to pay directly, Local Rule 2083-2(i)(4) applies.

Claims to Be Paid Directly: NONE.

(4) Third-Party Payment of Claims. If the Plan provides that a non-debtor shall pay a claim directly, the third-party payment designation will be listed below as a nonstandard provision. For all claims the Plan provides will be paid by a third party, Local Rule 2083-2(k)(1) may apply. Upon request, the debtor must furnish the name and contact information for the third-party payer.

The trustee will not monitor third party payments to creditor and at the expiration of the case, whether by discharge or dismissal, the claim of creditor shall not be discharged.

Claims to Be Paid by a Third Party: NONE

(5) Lien Avoidance Under § 522(f). If the debtor moves to avoid a lien under §522(f), Local Rule 2083-2(j) applies. None.

(6) Interest on over secured Claims. If the debtor proposes to pay an over secured claim a nonstandard rate of interest or interest accruing prior to confirmation of the Plan, such nonstandard treatment must be specifically stated below, including the identity of the secured creditor and the proposed interest rate accrual.

Claims to be paid Interest on Over Secured Claims: NONE.

(7) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

(8) Any order confirming this Plan shall constitute a binding determination that the Debtors have timely filed all of the information required by 11 U.S§.C. 521(a)(1).

(9) Tax Language (See Paragraph 2.3 for applicability):

For the next three tax years of [INSERT TAX YEARS], the Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section. If in an applicable tax year, the Debtors receive an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on their federal tax return, the Debtors may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtors shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event, shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan.

(10) Reserved.

| Part 9: | **Signature(s):** |
|---|---|

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Louise Frazier Lopez**                     X  _____
     **Louise Frazier Lopez**                              Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **January 29, 2020**              Executed on _____

X    **/s/ Jarred Henline**                           Date  **January 29, 2020**
     **Jarred Henline**
     Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor     **Louise Frazier Lopez**                                    Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$2,151.80** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$116.20** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*                                    + | **$0.00** |

**Total of lines a through j**                                                                                        **$2,268.00**